UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEERAJ CHAUHAN,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 23-cv-00702-KAW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. No. 30 |

Plaintiff Neeraj Chauhan filed the instant case against Defendant Google LLC, alleging that Defendant terminated his Google Account, causing him to lose valuable content and intellectual properties. (First Amend. Compl. ("FAC") ¶ 9, Dkt. No. 14.) Pending before the Court is Defendant's motion to dismiss. (Def.'s Mot. to Dismiss, Dkt. No. 30.)

The Court previously deemed this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). (Dkt. No. 35.) Having considered the parties' filings and the relevant legal authorities, the Court GRANTS Defendant's motion to dismiss, and DENIES Plaintiff's motion to appoint counsel.

**I.  BACKGROUND**

On March 23, 2020, Defendant terminated Plaintiff's Google Account, myneerajchauhan@gmail.com, without providing notice. (FAC ¶¶ 9, 13.) Plaintiff alleges that this account termination occurred even though he had endeavored at all times to comply with Google's policies. (FAC ¶ 11.) Plaintiff further alleges that this account contained valuable content and intellectual property, and that he repeatedly requested Defendant provide content from this account. (FAC ¶ 10.) Defendant, however, did not respond, resulting in Plaintiff losing this valuable content and intellectual property. (FAC ¶ 10.)

On January 16, 2023, Plaintiff filed the instant case. (Compl., Dkt. No. 1.) On March 7, 2023, Plaintiff filed the operative complaint, alleging claims for: (1) breach of contract, (2) violation of the Intellectual Property Rights Act, (3) breach of the implied covenant of good faith and fair dealing, (4) unfair trade practice, (5) breach of implied contract, and (6) intentional infliction of emotional distress ("IIED"). On May 30, 2023, Defendant filed the instant motion to dismiss. On June 13, 2023, Plaintiff filed his opposition. (Pl.'s Opp'n, Dkt. No. 32.) On June 20, 2023, Defendant filed its reply. (Def.'s Reply, Dkt. No. 34.)

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a

probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

#### A. Breach of Contract

A claim for breach of contract is comprised of a contract, plaintiff's performance or excuse for nonperformance, defendant's breach, and the resulting damages to plaintiff. *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990). Here, Plaintiff asserts Defendant breached Google's Terms of Service by: (1) failing to provide advance notice prior to termination and an opportunity to recover content from the account, (2) terminating Plaintiff's account without cause, and (3) not providing an appeals process. (FAC ¶¶ 13, 16-18.)

With respect to the termination of Plaintiff's account without cause and not providing an appeals process, Plaintiff's breach of contract claim fails because Plaintiff does not identify any provision in the Terms of Service that require cause or an appeals process. *See Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011) ("In an action for breach of a written contract, a plaintiff must allege the specific provisions in the contract creating the obligation the defendant is said to have breached."). Nor has the Court been able to identify such a provision. Indeed, the Terms of Service appear to allow the termination of an account without reason, as the Terms of Service state: "Google may also stop providing Services to you . . . at any time." (*See* FAC, Exh. 1 ("Terms of Service") at 5.[1])

As to the failure to provide advance notice prior to termination and an opportunity to

---

[1] Because the Terms of Service lack page numbers, the Court refers to the ECF header pagination.

1  recover content from the account, Plaintiff points to the following provision: "If we discontinue a
2  Service, where reasonably possible, we will give you reasonable advance notice and a chance to
3  get information out of that Service." (Pl.'s Opp'n at 2; Terms of Service at 5.) Such a provision
4  would appear to require notice and an opportunity to recover content "where reasonably possible."
5  While Defendant contends -- in a footnote -- that this provision applies only when Defendant stops
6  offering a service altogether, as opposed to terminating an individual account, the Terms of
7  Service are not so clear. (Def.'s Mot. to Dismiss at 8 n.1.)

8        In the alternative, however, Defendant argues that Plaintiff cannot assert damages.
9  Specifically, Defendant points to the Terms of Service provision that expressly states that it is not
10 "responsible for lost profits, revenues, or **data**, financial losses or indirect, special, consequential,
11 exemplary, or punitive damages." (Def.'s Mot. to Dismiss at 8; Terms of Service at 6 (emphasis
12 added).)

13       Such "[l]imitation of liability clauses have long been recognized as valid in California,"
14 and have been found to be "appropriate when one party is offering a service for free to the public."
15 *Lewis v. YouTube, LLC*, 244 Cal. App. 4th 118, 125 (2015) (internal quotation omitted). Applying
16 such clauses, courts have dismissed breach of contract claims. For example, in *Lewis*, the plaintiff
17 brought a breach of contract claim based on YouTube's wrongful deletion of her videos. *Id.* at
18 126. The California Court of Appeal upheld dismissal of the claim based on the lack of damages
19 because the limitation of liability clause stated that YouTube would not be liable for any
20 "omissions in any content or any loss or damage of any kind incurred as a result of your use of and
21 content posted," which the Court of Appeal found included deletion of videos. *Id.* at 125-26.
22 Likewise, in *Price v. Apple, Inc.*, the plaintiff brought a breach of contract claim based on the
23 termination of his Apple ID. No. 21-cv-02846-HSG, 2023 U.S. Dist. LEXIS 53341, at *5-6 (N.D.
24 Cal. Mar. 28, 2023). The district court found that the plaintiff's breach of contract claim was
25 barred by Apple's limitation of liability provision, which stated that a user could not sue or
26 recover any damages as a result of the suspension or termination of a user's access to the services.
27 *Id.* at *9.

28       Plaintiff does not address this point in his opposition, let alone suggest that the limitation

4

of liability clause is somehow unenforceable or inapplicable. Accordingly, the Court finds that Plaintiff's breach of contract claim must be dismissed with prejudice because even if Plaintiff could plead a breach, Plaintiff is unable to plead damages due to the limitation of liability clause.

### B.  Intellectual Property Rights Act

Plaintiff brings a claim for the violation of the "Intellectual Property Rights Act," but it is unclear what the "Intellectual Property Rights Act" is. Neither Defendant nor the Court have been able to identify such a statute. (*See* Def.'s Mot. to Dismiss at 9.) Plaintiff's opposition also fails to clarify, as Plaintiff simply states that "Defendant violated the Intellectual Property Rights Act because Google has deprived plaintiff with his own intellectual properties and content by termination of his account without providing any opportunity to recover his content." (Pl.'s Opp'n at 2.)

Based on the Court's review of the complaint, it appears Plaintiff is arguing that Defendant violated intellectual property rights by not providing the content and intellectual property saved within Plaintiff's account. (FAC ¶ 23.) To the extent Plaintiff bases this claim on a contractual duty within the Terms of Service, as discussed above, Plaintiff is unable to plead damages due to the limitation of liability clause. If, however, Plaintiff is suggesting Defendant's actions violate a statutory right, it is unclear on what statute Plaintiff relies.

The Court finds that dismissal of this claim with prejudice is warranted. In so dismissing, however, the Court does not preclude Plaintiff from bringing a claim based on a specifically identified (and existent) statute.

### C.  Breach of the Implied Covenant of Good Faith and Fair Dealing

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Carma Developers, Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 371 (1992) (internal quotations omitted). "The covenant of good faith finds particular application where one party is invested with a discretionary power affecting the rights of another. Such power must be exercised in good faith." *Id.* at 372.

Defendant argues that this "claim is redundant of his breach of contract claim, and thus fails as a matter of law." (Def.'s Mot. to Dismiss at 9.) Plaintiff, in turn, asserts that Defendant is

5

liable because it "breached the implied promise to keep Google account user's contents safe and maintain reasonable fair procedures" by terminating Plaintiff's account and ignoring his requests to retrieve content within it. (Pl.'s Opp'n at 3.) While the termination of Plaintiff's account appears to be redundant of the contract claim, Defendant itself argued there was no contract term requiring it to provide for an appeals process. (*See* Def.'s Mot. to Dismiss at 8.) Thus, implied covenants such as keeping contents safe and maintaining reasonable procedures, coupled with the act of Defendant allegedly ignoring Plaintiff's requests to retrieve content from his account, would appear to be separate from his contract claims. Likewise, while Defendant argues it was permitted to terminate Plaintiff's account, this is again a separate matter from Defendant's actions in relation to the content in Plaintiff's account. (*See* Def.'s Mot. to Dismiss at 10.) Thus, the Court will not dismiss Plaintiff's implied covenant of good faith and fair dealing claim on these grounds.

The Court, however, finds that the implied covenant of good faith and fair dealing claim still fails due to the limitation of liability clause. While Defendant did not raise this argument, courts have applied a limitation of liability clause to claims for breach of the implied covenant, reasoning that "damages for breach of the implied covenant – like all contractually-based damages -- must be limited to those within the contemplation and control of parties in framing their agreement." *United States ex rel. Integrated Energy, LLC v. Siemens Gov't Tech, Inc.*, SACV 15-1534 JVS (DFMx), 2017 U.S. Dist. LEXIS 225698, at *9 (C.D. Cal. May 19, 2017); *see also Darnaa LLC v. Google Inc.*, 236 F. Supp. 3d 1116, 1125-26 (N.D. Cal. 2017) (finding that an implied covenant claim was precluded by the limitation of liability clause); *Darnaa LLC v. Google LLC*, 423 Fed. Appx. 674, 676 (9th Cir. 2018) (finding that "[a]s interpreted by California courts, Section 1668 generally does not prohibit parties from limiting liability for breach of contract, including breach of the implied covenant," and upholding the dismissal of the plaintiff's implied covenant claim based on the limitation of liability provision). Accordingly, dismissal with prejudice is warranted.

### D. "Unfair Trade Practice"

Plaintiff's claim for "Unfair Trade Practice" appears to be a claim under California's Unfair Competition Law ("UCL"). (*See* Pl.'s Opp'n at 3.) "The UCL is a broad remedial statute

6

1    that permits an individual to challenge wrongful business conduct in whatever context such
2    activity might occur." *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007)
3    (internal quotation omitted). The UCL prohibits conduct that is "(1) unlawful, (2) unfair, (3)
4    fraudulent, or (4) in violation of section 17500 (false or misleading advertisements)." *Id.* at 731.

5    First, Plaintiff asserts a claim under the "unlawful" prong based on his contract claim that
6    Defendant terminated his user account without notice. (FAC ¶ 32; Pl.'s Opp'n at 3.) The Ninth
7    Circuit has found that a breach of contract "do[es] not amount to a violation of the 'unlawful'
8    prong of § 17200; [the plaintiff] must also allege that [the defendant] engaged in a business
9    practice forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory,
10   or court made. In other words, a common law violation such as a breach of contract is
11   insufficient." *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1044 (9th Cir. 2010).
12   Because Plaintiff fails to identify a law that Defendant has allegedly violated, his UCL claim
13   based on an "unlawful" trade practice necessarily fails.

14   Second, Plaintiff asserts a claim under the "unfair" prong based on Defendant's failure to
15   return his user content. (Pl.'s Opp'n at 3.) "The UCL does not define the term 'unfair.' In fact,
16   the proper definition of 'unfair' conduct against consumers 'is currently in flux' among California
17   courts." *Davis v. HSBC Bank*, 691 F.3d 1152, 1169 (9th Cir. 2012). Prior to *Cel-Tech*
18   *Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999), "courts held
19   that 'unfair' conduct occurs when that practice offends an established public policy or when the
20   practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."
21   *Id.* at 1169 (internal quotation omitted). This approach required a balancing test, in which the
22   court weighed "the practice's impact on its alleged victim, balanced against the reasons,
23   justifications, and motives of the alleged wrongdoer." *Id.* (internal quotation omitted).

24   In *Cel-Tech*, the California Supreme Court found that "unfair" required "conduct that
25   threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those
26   laws because its effects are comparable to or the same as violation of the law, or otherwise
27   significantly threatens or harms competition." 20 Cal. 4th at 187. While *Cel-Tech* concerned
28   anticompetitive cases and "did not apply to actions by consumers . . . some courts in California

7

have extended the *Cel-Tech* definition to consumer actions." *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 866 (9th Cir. 2018); *see also Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1267-68 (2006).

Defendant argues that Plaintiff cannot satisfy either test. (Def.'s Mot. to Dismiss at 11-12.) The Court agrees that Plaintiff would not be able to satisfy *Cel-Tech*'s definition of "unfair," as there is no suggestion that Defendant's conduct raises any antitrust consideration. As to the pre-*Cel-Tech* balancing test, however, the Court is less certain. While Defendant contends that Plaintiff has alleged no facts, it appears Plaintiff has alleged that Defendant terminated his account despite Plaintiff endeavoring to comply with Defendant's Terms of Service, causing Plaintiff to lose valuable intellectual property. (FAC ¶ 11.) One could find based on these alleged facts that such conduct was unfair if there was no reason for the termination, compared with the impact on Plaintiff.

In the alternative, however, Defendant argues that Plaintiff's UCL claim fails because he seeks damages, rather than restitution and injunctive relief. (Def.'s Mot. to Dismiss at 12.) Because "[a] UCL action is equitable in nature[,] damages cannot be recovered." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003). Rather, "prevailing plaintiffs are generally limited to injunctive relief and restitution." *Id.* (internal quotation omitted). Here, Plaintiff only seeks the damages he suffered, namely the loss of his content. (FAC ¶ 34.) Plaintiff does not seek monies that "have been lost by a plaintiff, on the one hand, and that . . . have been acquired by a defendant, on the other." *Malch v. Dolan*, No. EDCV 15-00517 DDP (KKx), 2016 U.S. Dist. LEXIS 14542, at *11 (C.D. Cal. Feb. 4, 2016). Accordingly, because Plaintiff's requested relief is limited to unrecoverable damages, the UCL claim is dismissed without prejudice.

### E. Implied Contract

Next, Plaintiff brings a claim for implied contract based on the failure to give advance notice or sufficient time to retrieve content, termination of Plaintiff's account without cause, and the lack of an appeals process. (FAC ¶ 37.) As an initial matter, Plaintiff appears to allege no facts from which to infer that there was mutual assent or consideration in forming an implied

8

1  contract requiring any of these actions. *Pac. Bay Recovery, Inc. v. Cal. Physicians' Servs., Inc.*, 12
2  Cal. App. 5th 200, 215 (2017). Further, there already appears to be an enforceable contract
3  between the parties (namely the Terms of Service), and courts have found that "an action based on
4  an implied-in-fact contract cannot lie where there exists between the parties a valid express
5  contract covering the same subject matter." *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069,
6  1095 (N.D. Cal. 2022).

Regardless, even if there was an implied contract, the statute of limitations for such a claim is two years. *See Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1151 (N.D. Cal. 2007) ("The plaintiff's breach of implied contract claim is subject to a two-year limitations period."); *NBCUniversal Media, LLC v. Superior Court*, 225 Cal. App. 4th 1222, 1230 (2014). The alleged breach of any contract and resultant harm, however, would have occurred in March 2020 when Plaintiff's account was terminated, nearly three years prior to the filing of this suit in January 2023. *See Goldberg*, 482 F. Supp. 2d at 1151 ("Plaintiff's claim accrued when he first suffered appreciable and actual harm."). Plaintiff does not address nor dispute this point. (*See* Pl.'s Opp'n at 4.) Thus, Plaintiff's implied contract claim must be dismissed with prejudice due to the statute of limitations.

### F. Intentional Infliction of Emotional Distress ("IEED")

Defendant also seeks dismissal of Plaintiff's IIED claim on statute of limitations ground. (Def.'s Mot. to Dismiss at 13.) As with Plaintiff's implied contract claim, the statute of limitations for IIED is two years. *Khan v. SAP Labs, LLC*, No. 18-cv-07490-BLF, 2019 U.S. Dist. LEXIS 191102, at *46 (N.D. Cal. Nov. 4, 2019) ("The statute of limitations for an IIED claim is two years."); *Cha v. Kaiser Permanente*, No. C-14-4672-EMC, 2015 U.S. Dist. LEXIS 79927, at *32 (N.D. Cal. May 6, 2015) (same); *Barnes-Perrilliat v. S. of Mkt. Health Ctr.*, No. 20-cv-02368-LB, 2020 U.S. Dist. LEXIS 240062, at *5 (N.D. Cal. Dec. 19, 2020) (same). Again, Defendant's closure of Plaintiff's account occurred in March 2020, more than two years prior to the filing of this case. Plaintiff likewise fails to address this point, and thus Plaintiff's IIED claim must be dismissed with prejudice due to the statute of limitations.

### G. Punitive Damages

Finally, Defendant seeks dismissal of Plaintiff's request for punitive damages. (Def.'s Mot. to Dismiss at 14.) Plaintiff asserts that he is entitled to punitive damages because Defendant's actions were "extreme obsessive, oppressive, [and] malicious." (FAC ¶ 14.) Defendant asserts dismissal is required because Plaintiff has failed to allege any facts that support such an inference. (Def.'s Mot. to Dismiss at 14.)

The Court agrees. Plaintiff points to no facts in his complaint that would support a finding that Defendant's conduct is oppressive or malicious, such that punitive damages would be warranted. *See Opperwall v. State Farm Fire & Cas. Co.*, No. 17-cv-07083-YGR, 2018 U.S. Dist. LEXIS 39328, at *12 (N.D. Cal. Mar. 9, 2018) ("When a plaintiff alleges a claim for punitive damages, a court may dismiss the claim if the plaintiff fails to allege sufficient facts to show oppression, fraud, or malice. Moreover, facts are insufficient when the plaintiff asserts nothing more than conclusory allegations of oppression, fraud, or malice."). Thus, the Court will dismiss Plaintiff's request for punitive damages.

### H. Plaintiff's Motion to Appoint Counsel

On June 14, 2023, Plaintiff filed a motion to appoint counsel. (Dkt. No. 33.) In general, there is no right to appointed counsel in a civil action. *See United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978). In proceedings in forma pauperis, the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). This decision, however, "is within the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotation omitted). Exceptional circumstances requires the "evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." *Id.* (internal quotation omitted).

As discussed above, Plaintiff's claims must be dismissed, many with prejudice. Thus, at this juncture, the Court cannot find that exceptional circumstances exist. Plaintiff, however, may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982 to make an appointment. While the Help Desk does not

provide legal representation, a licensed attorney may assist Plaintiff in determining whether there are viable claims, and how to properly plead them. Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at: *http://cand.uscourts.gov/proselitigants*.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss. Plaintiff's claims for breach of contract, "Intellectual Property Rights Act" claim, the implied covenant of good faith and fair dealing, implied contract, and IIED are dismissed with prejudice. Plaintiff's UCL claim and request for punitive damages are dismissed without prejudice.

The Court DENIES Plaintiff's motion to appoint counsel.

Plaintiff may file an amended complaint within 30 days of the date of this order.

IT IS SO ORDERED.

Dated: August 4, 2023

_____
KANDIS A. WESTMORE
United States Magistrate Judge